TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00734-CR







Juan Herrera Rodriguez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 95-140, HONORABLE BILL BENDER, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of aggravated sexual assault of a child. Tex. Penal Code Ann.
§ 22.021(a)(1)(B)(i), (a)(2)(B) (West Supp. 1996). (1) The jury assessed punishment at imprisonment for
thirty years.

 On April 14, 1995, the complainant told her mother, Amy Rodriguez, that appellant, the
complainant's father and Rodriguez's estranged husband, had sexually abused her. Rodriguez reported this
to the Lockhart police. On April 18, appellant gave Lockhart police officer John Roescher a written
statement in which he confessed, "About a month ago things got out of hand between [the complainant] and
I. We ended up having sex. This has happened several times in the past, the last time being about a month
ago, maybe a little longer." Appellant also admitted having sexual intercourse with the complainant during
a subsequent interview by Karen Williams, a case worker for the Department of Protective and Regulatory
Services. The complainant was examined by Dr. Beth Nauert, a pediatrician who specializes in the
treatment of child sexual abuse victims. She told Nauert that she had sexual intercourse with appellant
repeatedly over a number of years. Nauert testified that the complainant's physical condition was consistent
with a history of sexual intercourse. 

 In her trial testimony, the complainant denied that appellant engaged in any sexual activity
with her. She was impeached by proof of her written statement to the police accusing appellant of
penetrating her vagina with his penis. (2) The complainant testified that she made the accusation against
appellant because she wanted to live with her mother. Appellant also testified and asserted his innocence. 
Appellant claimed that, due to his limited education and poor command of English, he did not understand
his written confession when he signed it. He explained his admission to Williams by saying that he was
afraid the State would take his children if he did not cooperate.

 In his first point of error, appellant contends the evidence is legally insufficient to sustain the
conviction. In support of this contention, appellant asks this Court to accept the truth of the complainant's
testimony repudiating her earlier accusations and of appellant's explanations for his incriminating statements. 
In determining the legal sufficiency of the evidence to support a criminal conviction, however, we must view
all the evidence in the light most favorable to the verdict. Jackson v. Virginia, 443 U.S. 307 (1979);
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim.
App. 1981). The jury, as factfinder, determines the credibility of the witnesses and the weight to give their
testimony. Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). The jury was entitled
to disbelieve the complainant's recantation of her accusations against appellant. Id. Applying the Jackson
standard of review to the evidence in this cause, we conclude that any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Point of error one is overruled.

 Next, appellant contends his written statement to the police was not knowingly and
voluntarily made and should have been suppressed by the district court. At the hearing on the motion to
suppress, appellant testified that he cannot read English and did not understand what he was signing. 
Appellant's employer also testified to appellant's limited English skills and expressed the opinion that
appellant could not have understood his rights and would have signed a confession in order to be
cooperative. Roescher and a second officer, Richard Sepeda, testified that appellant was advised of his
rights in both English and Spanish, and appeared to understand them. Appellant's statement was read back
to him in both languages, and alterations were made at appellant's request. Both officers were of the
opinion that appellant understood the statement before signing it.

 At a suppression hearing, the trial court is the sole and exclusive trier of fact and judge of
the credibility of the witnesses, as well as the weight to be given their testimony. Dubose v. State, 915
S.W.2d 493, 496-97 (Tex. Crim. App. 1996). The court is also the initial arbiter of the legal significance
of those facts. Id. A court of appeals limits its review of the trial court's rulings, both as to the facts and
the legal significance of those facts, to a determination of whether the trial court abused its discretion. Id. 
The record before us amply supports the district court's conclusion that appellant's statement was
knowingly and voluntarily made. Finding no abuse of discretion, we overrule point of error two.

 Finally, appellant complains that evidence of an unadjudicated extraneous offense was
erroneously admitted at the punishment stage of his trial. Marilyn Drozd, a case worker for the Department
of Protective and Regulatory Services, testified that appellant's son made an "outcry" to her during an
interview at his school. Dr. Nauert testified that she was told by the boy that appellant often penetrated
him anally with his penis. Nauert testified that the boy's physical condition was consistent with anal
penetration. 

 Appellant's son was called as a defense witness. He admitted making the accusations
against his father but asserted that they were false. The boy claimed that he made the accusations because
he wanted to continue living with his mother. Two sworn written statements by the boy were also admitted
in evidence. The first statement accused appellant of sexual misconduct while the second recanted the first.

 Appellant's brief contains little argument and cites no authorities in support of his contention
that the testimony in question was erroneously introduced. He cites his trial objection that the State was
engaged in "trial by ambush." This was a reference to the State's earlier decision not to prosecute appellant
for the alleged acts committed with his son. Appellant does not complain, however, that he did not have
adequate notice of the State's intention to introduce this evidence at the punishment stage.

 At the punishment stage, a trial court may admit evidence as to any matter it deems relevant
to sentencing, including evidence of unadjudicated extraneous crimes committed by the defendant. Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1996). Before admitting the testimony, the district
court heard the witnesses outside the jury's presence and determined that there was sufficient evidence to
support a jury finding beyond a reasonable doubt that appellant committed the extraneous offense. Harrell
v. State, 884 S.W.2d 154, 160 (Tex. Crim. App. 1994); Tex. R. Crim. Evid. 104(b). We are not
persuaded that the court erred by admitting this evidence. Point of error three is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: September 25, 1996

Do Not Publish
1.   The 1995 amendments to this statute are irrelevant to this cause.
2.   Appellant did not request an instruction limiting the jury's consideration of the complainant's
prior inconsistent statement to impeachment only, and thus this evidence could be considered as
proof to the full extent of its rational persuasive power. Garcia v. State, 887 S.W.2d 862, 878
(Tex. Crim. App. 1994).



as not knowingly and
voluntarily made and should have been suppressed by the district court. At the hearing on the motion to
suppress, appellant testified that he cannot read English and did not understand what he was signing. 
Appellant's employer also testified to appellant's limited English skills and expressed the opinion that
appellant could not have understood his rights and would have signed a confession in order to be
cooperative. Roescher and a second officer, Richard Sepeda, testified that appellant was advised of his
rights in both English and Spanish, and appeared to understand them. Appellant's statement was read back
to him in both languages, and alterations were made at appellant's request. Both officers were of the
opinion that appellant understood the statement before signing it.

 At a suppression hearing, the trial court is the sole and exclusive trier of fact and judge of
the credibility of the witnesses, as well as the weight to be given their testimony. Dubose v. State, 915
S.W.2d 493, 496-97 (Tex. Crim. App. 1996). The court is also the initial arbiter of the legal significance
of those facts. Id. A court of appeals limits its review of the trial court's rulings, both as to the facts and
the legal significance of those facts, to a determination of whether the trial court abused its discretion. Id. 
The record before us amply supports the district court's conclusion that appellant's statement was
knowingly and voluntarily made. Finding no abuse of discretion, we overrule point of error two.

 Finally, appellant complains that evidence of an unadjudicated extraneous offense was
erroneously admitted at the punishment stage of his trial. Marilyn Drozd, a case worker for the Department
of Protective and Regulatory Services, testified that appellant's son made an "outcry" to her during an
interview at his school. Dr. Nauert testified that she was told by the boy that appellant often penetrated
him anally with his penis. Nauert testified that the boy's physical condition was consistent with anal
penetration. 

 Appellant's son was called as a defense witness. He admitted making the accusations
against his father but asserted that they were false. The boy claimed that he made the accusations because
he wanted to continue living with his mother. Two sworn written statements by the boy were also admitted
in evidence. The first statement accused appellant of sexual misconduct while the second recanted the first.

 Appellant's brief contains little argument and cites no authorities in support of his contention
that the testimony in question was erroneously introduced. He cites his trial objection that the State was
engaged in "trial by ambush." This was a reference to the State's earlier decision not to prosecute appellant
for the alleged acts committed with his son. Appellant does not complain, however, that he did not have
adequate notice of the State's intention to introduce this evidence at the punishment stage.

 At the punishment stage, a trial court may admit evidence as to any matter it deems relevant
to sentencing, including evidence of unadjudicated extraneous crimes committed by the defendant. Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1996). Before admitting the testimony, the district
court heard the witnesses outside the jury's presence and determined that there was sufficient evidence to
support a jury finding beyond a reasonable doubt that appellant committed the extraneous offense. Harrell
v. State, 884 S.W.2d 154, 160 (Tex. Crim. App. 1994); Tex. R. Crim. Evid. 104(b). We are not
persuaded that the court erred by admitting this evidence. Point of error three is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: September 25, 1996

Do Not Publish
1.   The 1995 amendments to this statute are irrelevant to this cause.
2.   Appellant did not request an instruction limiting the jury's consideration of the complainant's
pr